IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPRINT SOLUTIONS, INC. and | § | |
| SPRINT COMMUNICATIONS | § | |
| COMPANY L.P., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-0032 |
| | § | |
| PRECISE WIRELESS INTERNATIONAL | § | |
| INC., PRECISE WIRELESS TRADING, | § | |
| INC., NUMAN HAIDER, HARIS | § | |
| JAMAL, and AFRAZ ALI, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P. (collectively, "Sprint" or "Plaintiffs") sued Defendants Precise Wireless Trading, Inc., Numan Haider, Haris Jamal, and Afraz Ali (collectively, "Defendants") on various state and federal claims stemming from Defendants' alleged unlawful sale of Sprint cell phones. Pending before the court are Plaintiffs' Motion to Strike Affirmative Defenses ("Plaintiffs' Motion to Strike") (Docket Entry No. 15) and Defendants' Motion for Leave to Amend Defendants' Answer to Complaint ("Defendants' Motion for Leave to Amend") (Docket Entry No. 17). For the reasons explained below, Plaintiffs' Motion to Strike will be granted in part and otherwise denied as moot, and Defendants' Motion for Leave to Amend will be granted in part and denied in part.

## I.  Background

Sprint's Complaint for Damages and Injunctive Relief alleges that "Defendants and their co-conspirators are perpetrators of an unlawful scheme . . . to profit from the illegal acquisition and resale of new Sprint Phones."[1]  Sprint claims that "Defendants have acquired and sold large quantities of Sprint Phones through various co-conspirators."[2]   In support of its Complaint Sprint refers to and attached evidence from an undercover investigation in which Defendants agreed to buy and sell Sprint phones offered and requested by Sprint's investigators.[3]  Based on its factual allegations Sprint has pleaded fifteen causes of action under state and federal law, including fraud, tortious interference, conversion, and various trademark violations.[4]   Defendants answered Sprint's Complaint, denying that Defendants are perpetrators of an unlawful scheme, but admitting to having engaged with Sprint's investigators.[5]  Defendants asserted several affirmative defenses, three of which are relevant to the pending motions:

> THIRD AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred by the doctrine of equitable estoppel[], laches and unclean hands.

---

[1]Complaint for Damages and Injunctive Relief ("Complaint"), Docket Entry No. 1, p. 1 ¶ 1.

[2]Id. at 11 ¶ 38.

[3]Id. at 12-15 and referenced exhibits.

[4]See id. at 19-44.

[5]See, e.g., Defendants' Answer to Complaint, Docket Entry No. 12, pp. 1 ¶ 1, 5-6 ¶¶ 35-50.

. . .

FIFTH AFFIRMATIVE DEFENSE: The trademarks alleged by the Plaintiffs have been abandoned or are not valid[ly] registered.

SIXTH AFFIRMATIVE DEFENSE: The trademarks alleged by the Plaintiffs have been misused.[6]

Plaintiffs moved to strike Defendants' third, fifth, and sixth affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).[7]   In response Defendants moved to amend their answer "to cure defects in its pleading that Plaintiff has raised in its Motion to Strike."[8]  Defendants' proposed amended answer eliminates entirely the objected-to fifth and sixth affirmative defenses.[9] The amended answer pleads in more detail the defenses of equitable estoppel and unclean hands, and it eliminates the defense of laches.[10]   Plaintiffs are unopposed to Defendants' elimination of affirmative defenses, but Plaintiffs object that Defendants' repleaded defenses remain subject to a motion to strike.[11]

---

[6]Id. at 17-18 ¶¶ 222, 224-25.

[7]Plaintiffs' Motion to Strike, Docket Entry No. 15.   Under Rule 12(f) "[t]he court may strike from a pleading an insufficient defense."

[8]Defendants' Motion for Leave to Amend, Docket Entry No. 17, p. 1 ¶ 3.

[9]See Defendants' First Amended Answer to Complaint, Exhibit A to Motion for Leave to Amend, Docket Entry No. 17-1, pp. 18-20 ¶¶ 220-26.

[10]See id. ¶¶ 222-23.   Defendants have also removed any reference to laches in their third affirmative defense.   See id.

[11]Memorandum of Law in Opposition to Motion to Defendants' Motion for Leave to Amend Answer ("Plaintiffs' Opposition"), Docket Entry No. 19, pp. 5-11.

## II.  Standard of Review

### A.  Motion for Leave to Amend

A party may amend its answer once as a matter of course within 21 days after serving it.  <u>See</u> Fed. R. Civ. P. Rule 15(a). Thereafter, the party may only amend with the opposing party's consent or the court's leave.  <u>Id.</u>  "The court should freely give leave when justice so requires."  <u>Id.</u>  Although the language of Rule 15(a) "evinces a bias in favor of granting leave to amend," "decisions concerning motions to amend are entrusted to the sound discretion of the district court."  <u>Smith v. EMC Corp.</u>, 393 F.3d 590, 595 (5th Cir. 2004) (internal quotation marks and citation omitted).  In reviewing a motion for leave to amend, district courts are to consider five factors, only one of which -- futility of amendment -- is relevant here.  <u>See</u> <u>id.</u>  If the proposed amendment would be futile, a motion for leave to amend is properly denied.  <u>Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.</u>, 933 F.2d 314, 321 (5th Cir. 1991).

### B.  Motion to Strike Under Rule 12(f)

Plaintiffs argue that Defendants' proposed amendments to their third affirmative defense are futile because those defenses remain subject to a motion to strike.  Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense."  "[A] Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law."

Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,
677 F.2d 1045, 1057 (5th Cir. 1982).

Whether to grant a motion to strike is committed to the sound
discretion of the trial court. See Cambridge Toxicology Grp., Inc.
v. Exnicios, 495 F.3d 169, 178 (5th Cir. 2007). Motions to strike
are disfavored and infrequently granted "[b]oth because striking a
portion of a pleading is a drastic remedy and because it often is
sought by the movant simply as a dilatory or harassing tactic."
5C Charles A. Wright & Arthur R. Miller, Federal Practice and
Procedure § 1380 (3d ed. 2004). "[W]hen there is no showing of
prejudicial harm to the moving party, the courts generally are not
willing to determine disputed and substantial questions of law upon
a motion to strike." Augustus v. Bd. of Pub. Instruction of
Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962). "Under
such circumstances, the court may properly, and we think should,
defer action on the motion and leave the sufficiency of the
allegations for determination on the merits." Id. "In sum, a
motion to strike will not be granted if the insufficiency of the
defense is not clearly apparent, or if it raises factual issues
that should be determined on a hearing on the merits." Wright &
Miller, supra, § 1381.

Although Plaintiffs argue that Defendants' proposed
affirmative defenses are "insufficient as a matter of law,"[12] the
substance of Plaintiffs' objections goes to the sufficiency of

---

[12]Plaintiffs' Opposition, Docket Entry No. 19, p. 5.

Defendants' <u>pleading</u> of those defenses.[13]  To comply with Federal
Rule of Civil Procedure 8(c) a defendant must "plead an affirmative
defense with enough specificity or factual particularity to give
the plaintiff 'fair notice' of the defense that is being advanced."
<u>Woodfield v. Bowman</u>, 193 F.3d 354, 362 (5th Cir. 1999).[14]  "The
'fair notice' pleading requirement is met if the defendant
'sufficiently articulated the defense so that the plaintiff was not
a victim of unfair surprise.'"  <u>Id.</u>

### III.  <u>Analysis</u>

Because Defendants filed their Motion for Leave to Amend more
than 21 days after serving their original answer, the court has
discretion whether to grant or deny the motion.  Plaintiffs argue
that Defendants' proposed amendments to their affirmative defenses

---

[13]<u>See</u> <u>id.</u> at 5-10.  <u>Compare</u> <u>Kaiser</u>, 677 F.2d at 1057-61
(holding that "antitrust defense" was insufficient as a matter of
law because defense was not applicable to the type of contract at
issue), <u>and</u> <u>Ruscher v. Omnicare Inc.</u>, No. H-08-3396, 2014
WL 5364152, at *2-*3 (S.D. Tex. Oct. 21, 2014) (holding that
unclean hands defense is not available against <i>qui tam</i> relator in
False Claims Act case), <u>with</u> <u>SEC v. Cuban</u>, 798 F. Supp. 2d 783,
792-797 (N.D. Tex. 2011) (holding that defendant failed to
adequately plead unclean hands defense although such a defense is
available in that type of action).

[14]The Fifth Circuit has not yet addressed whether the plausible
pleading standard of <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), and
<u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), applies to
affirmative defenses.  While there is some disagreement, district
courts continue to apply the "fair notice" standard.  <u>See, e.g.</u>,
<u>Ruscher</u>, 2014 WL 5364152, at *2; <u>Osborne v. Thomas</u>, No. 3:14-CV-
3432-K-BK, 2015 WL 2130962, at *1 (N.D. Tex. May 6, 2015).
Plaintiffs have not pressed the issue, and they rely on a post-
<u>Iqbal</u> case that applies the "fair notice" standard in precisely
this context.  <u>See</u> <u>Cuban</u>, 798 F. Supp. 2d at 795 n.13.

of equitable estoppel and unclean hands are futile because they remain subject to a motion to strike and that leave to amend should therefore be denied.  Defendants have not responded to Plaintiffs' arguments.

## A.   Equitable Estoppel

Under Texas law[15] the elements of equitable estoppel are: "(1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations." Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 515-16 (Tex. 1998).  In their proposed amended answer Defendants recite the elements of equitable estoppel -- apparently under Michigan law -- but they do not plead any facts that correlate to those elements.[16]  Amending this affirmative defense

---

[15]Because this case arises under both state and federal law, a threshold issue is what body of law should govern equitable defenses.  See generally John T. Cross, The Erie Doctrine in Equity, 60 La. L. Rev. 173 (1999).  Plaintiffs primarily cite to Texas law in support of their Opposition to Defendants' Motion for Leave to Amend.  Defendants have not argued for the application of any other law, nor have they responded to Plaintiffs' Opposition. Neither party has broached the thornier issue of which equitable defenses are available against which causes of action, although Plaintiffs suggest that federal law may bar "entrapment" as part of an unclean hands defense in civil trademark cases.  The court will apply Texas law at this stage absent any objection or substantive briefing by the parties.

[16]See Defendants' First Amended Answer to Complaint, Exhibit A to Motion for Leave to Amend, Docket Entry No. 17-1, pp. 18-19 (continued...)

as proposed would be futile because the Defendants' pleading still does not give fair notice of the defense that is being advanced.[17]

## B.   Unclean Hands

"Under the doctrine of unclean hands, a court may refuse to grant equitable relief, such as an injunction, sought by 'one whose conduct in connection with the same matter or transaction has been unconscientious, unjust, or marked by a want of good faith, or one who has violated the principles of equity and righteous dealing.'" Park v. Escalera Ranch Owners' Ass'n, Inc., No. 03-12-00314-CV, 2015 WL 737424, at *17, ___ S.W.3d ___ (Tex. App.—Austin Feb. 13, 2015, no. pet. h.).  "The plaintiff's alleged wrongdoing will not bar relief unless the defendant also establishes harm or injury from the plaintiff's conduct." Condom Sense, Inc. v. Alshalabi, 390 S.W.3d 734, 762 (Tex. App.—Dallas 2012, no pet.).

Defendants' Proposed First Amended Answer offers three bases for the unclean hands defense:  (1) "Plaintiffs set[]up a scheme by which they could entrap Defendants into a transaction Plaintiffs now allege allows for their recovery;" (2) Plaintiffs "fraudulently

---

[16](...continued)
¶ 222.  Defendants do not cite any authority for the elements of equitable estoppel listed in their proposed Amended Answer, but a search of Westlaw using Defendants' language returns only cases applying Michigan law.  No party has argued for the application of Michigan law in this case.

[17]Because Defendants have had two opportunities to plead this defense, they will not be granted leave to replead it again.  The defense will be struck.

induced Defendants into the transactions;" and (3) this was part of an "effort to eliminate the competition created by Defendants' legitimate business."[18]  These allegations give Plaintiffs fair notice of the nature of Defendants' affirmative defense of unclean hands such that Plaintiffs will not be victims of surprise.[19]

While Plaintiffs cite a number of cases from other jurisdictions suggesting that Defendants' theories are questionable, Plaintiffs point to no controlling authority rendering those defenses insufficient as a matter of law.[20]  The

---

[18]See Defendants' First Amended Answer to Complaint, Exhibit A to Defendants' Motion for Leave to Amend, Docket Entry No. 17-1, pp. 19-20 ¶ 223.

[19]Plaintiffs argue that because Defendants refer to fraudulent inducement in their Third Affirmative Defense, Defendants must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  There is some authority for this proposition, none of it controlling.  See, e.g., F.D.I.C. v. Vann, No. 11 C 3491, 2013 WL 704478, at *4 (N.D. Ill. Jan. 23, 2013) ("By intertwining allegations of fraud with his unclean hands affirmative defense, Vann triggers the pleading requirements of Rule 9(b).").  However, the same authority makes clear that Rule 9(b) does not apply to general allegations of misconduct or bad faith merely because they are combined with allegations of fraud.  Id. at *4 n.8 (citing Kennedy v. Venrock Assoc., 348 F.3d 584, 593 (7th Cir. 2003)).  The only allegation arguably subject to Rule 9(b) in Defendants' proposed Amended Answer is the allegation of "fraudulent inducement."  Defendants' references to Plaintiffs' exceedingly detailed complaint and exhibits make fairly obvious the who, what, where, and when of the alleged fraudulent conduct.  Even if Rule 9(b) should apply, Defendants' proposed amendment survives a hypothetical motion to strike in this instance.  Granting such a motion is within the court's discretion, and the court is not inclined to expend additional resources fine-tuning Defendants' pleadings.

[20]See Plaintiffs' Opposition, Docket Entry No. 19, pp. 8-10. For example, Plaintiffs argue that the mere use of undercover
(continued...)

court is not inclined to address "disputed and substantial questions of law upon a motion to strike." See Augustus, 306 F.2d at 868. As pleaded, Defendants' proposed affirmative defense of unclean hands would survive a motion to strike by Plaintiffs and therefore is not futile.

Nevertheless, to succeed on such a defense, Defendants will carry a heavy burden. Whether or not to deny equitable relief is within the discretion of the court. Although not sufficient to bar amendment, Plaintiffs' arguments and authority are persuasive, and Defendants have identified no authority to the contrary. The court anticipates that discovery will allow the parties to narrow these issues before trial.

## IV.   Conclusions and Order

There being no objection from Plaintiffs, the court concludes that Defendants' proposed elimination of affirmative defenses in their proposed First Amended Answer to Complaint -- specifically,

---

[20](...continued)
investigators is not unethical, improper, or even unusual in trademark cases. But Defendants' argument is slightly more nuanced, and the cases cited by Plaintiffs are arguably distinguishable. Similarly, Plaintiffs have demonstrated the high threshold Defendants would have to meet if they hope to succeed on an entrapment defense, including persuading the court to even recognize such a defense, but Plaintiffs appear to concede that such a defense is not foreclosed as a matter of law. Similarly, Plaintiffs' assertion that the Noerr-Pennington doctrine shields them from antitrust liability for bringing this suit, regardless of anticompetitive intent, is not immediately dispositive of the issue before the court.

the Fifth, Sixth, and laches portion of the Third -- is warranted, and they will be granted leave to do so.  Defendants' proposed amendment to their defense of unclean hands would survive a motion to strike, is not futile, and will be allowed.  Defendants' proposed amendment to their defense of equitable estoppel still fails to give fair notice of the defense asserted, is therefore futile, and it will not be allowed.  Defendants' Motion for Leave to Amend Defendants' Answer to Complaint (Docket Entry No. 17) is therefore **GRANTED IN PART** and **DENIED IN PART**.  Plaintiffs' Motion to Strike Affirmative Defenses (Docket Entry No. 15) is **GRANTED IN PART**[21] and otherwise **DENIED AS MOOT**.  Defendants may file an amended answer in conformity with this opinion within **SEVEN DAYS**.

Although this action has only been on file for four months, it has generated an unusual amount of procedural skirmishes even before the initial pretrial scheduling conference.  The court's time, and the time of the parties and their attorneys, is better used in focusing on an early trial on the merits, where the factual disputes can be finally resolved, instead of further motion practice.  It is therefore the court's intention to dispense with further motion practice under Rules 12 and 56.  Since Plaintiffs seek injunctive relief because of Defendants' alleged continuous violations, the court intends to set the case for trial under an

---

[21]Defendants have yet to sufficiently plead the affirmative defense of equitable estoppel, and it will be struck.

-11-

expedited schedule.   At the May 29, 2015, conference, counsel should be prepared to propose such a schedule.

SIGNED at Houston, Texas, on this the 15th day of May, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE