UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiffs, <br><br> v. <br><br> PRECISE WIRELESS INTERNATIONAL INC., PRECISE WIRELESS TRADING, INC., NUMAN HAIDER, HARIS JAMAL and AFRAZ ALI, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No: 4:15-cv-00032 |

**[PROPOSED] FINAL JUDGMENT
AND PERMANENT INJUNCTION AGAINST
<u>DEFENDANTS HARIS JAMAL AND AFRAZ ALI</u>**

Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P. (collectively, "Sprint" or "Plaintiffs"), brought the above-captioned lawsuit against, *inter alia*, Defendants Haris Jamal and Afraz Ali (hereinafter "Defendants") alleging that Defendants are engaged in the unauthorized and deceptive acquisition and resale of Sprint products, goods, and services manufactured, distributed, sold or offered for sale by Sprint ("Sprint Products"), including but not limited to specially-manufactured wireless telephones and other wireless devices designed for use on Sprint's wireless service, which Sprint offers under various Sprint brands, including Sprint, Sprint Prepaid, Boost Mobile, Virgin Mobile, PayLo and Assurance Wireless (collectively "Sprint Phones" or "Phones"), the theft of Sprint's financial investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and confidential computer passwords, and the willful

108130017.1

infringement of Sprint's trademarks (collectively, the " Bulk Handset Trafficking Scheme" or the "Scheme")[1].

As alleged in the Complaint and not denied by Defendants, Defendants perpetrate the Scheme by, *inter alia*, illicitly acquiring new Sprint Phones in bulk through various fraudulent and illegal means, and then reselling the Sprint Phones for a substantial profit, at the expense of Sprint, its dealers, and legitimate Sprint consumers. In some cases, Defendants and their co-conspirators acquire the new Sprint Phones with the knowledge and intent that the Phones will be "unlocked," to disable software installed in the Phones by the manufacturers at the request and expense of Sprint, which enables activation of the Sprint Phones exclusively on Sprint's wireless network. The illegally obtained and unlocked Phones are trafficked and resold as new by Defendants under the Sprint brand and trademarks.

Sprint Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Phones. These Terms and Conditions are set forth in printed inserts that are packaged with each Phone and are posted on Sprint's website. Pursuant to the Terms and Conditions of Sprint Phones, purchasers agree, among other things: (a) to pay the applicable service charges and other related fees; (b) to activate the Sprint Phones on the Sprint CDMA network; (c) not to resell the Sprint Phones and related products and services; and (d) not to use the Phones for a purpose that could damage or adversely affect Sprint.

Defendants' involvement in the Scheme resulted in Sprint asserting claims against Defendants for unfair competition, tortious interference with business relations, tortious interference with contractual relations, conspiracy to commit fraud and fraudulent misrepresentation, unjust enrichment, common law fraud and fraudulent misrepresentation,

---

[1] The Court previously entered a Final Judgment and Permanent Injunction against Defendants Precise Wireless International, Inc. and Precise Wireless Trading, Inc. on February 19, 2016. [DE 43] and affirmed a finding of liability against Defendant Numan Haider on default, and scheduled an evidentiary hearing on relief for August 31, 2016 [DE 55].

conspiracy to induce breach of contract, violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, conversion, and injury to business or reputation; dilution of trademarks under Tex. Bus. & Com. Code Ann. § 16.103.

Based on the undisputed positions advocated by Plaintiffs, and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby,

**ORDERED**, **ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in Sprint's Complaint.

2. The Court finds that Sprint has the right to use and enforce rights in the standard character Sprint® mark and stylized Sprint® Virgin Mobile, payLo, Assurance Wireless and Boost Mobile trademarks (collectively, the "Sprint Marks"), as depicted below:

 

  



Sprint uses the Sprint Marks on and in connection with its telecommunications products and services. The Sprint Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with Sprint.

3. The Terms and Conditions and the language in and on the packaging constitute a valid and binding contract enforceable between Sprint and each of its customers that identifies certain rights and restrictions on the use of Sprint Phones. Among other things, the Terms and Conditions: (a) require that the customer pay applicable service charges and other related fees; (b) indicate that the Phone is designed to be activated on the Sprint CDMA network; (c) prohibit resale of Sprint Phones and related products and services; and (d) prohibit using the Phones for a purpose that could damage or adversely affect Sprint, for which Sprint is entitled to relief.

4. The conduct set forth in the Complaint constitutes the following violations: unfair competition (Count 1); tortious interference with business relations (Count 2); tortious interference with contractual relations (Count 3); conspriracy to commit fraud and fraudulent misrepresentation (Count 4); unjust enrichment (Count 5); common law fraud and fraudulent misrepresentation (Count 6); conspiracy to induce breach of contract (Count 7); trafficking in computer passwords, 18 U.S.C. § 1030(a)(6) (Count 8); unauthorized access, 18 U.S.C. § 1030(a)(5)(C) (Count 9); unauthorized access with intent to defraud, 18 U.S.C. § 1030(a)(4) (Count 10); federal trademark infringement, 15 U.S.C. § 1114 (Count 11); federal common law trademark infringement and false advertising, 15 U.S.C. § 1125(a)(1)(A) and (B) (Count 12); contributory trademark infringement (Count 13); conversion (Count 14); and injury to business or reputation; dilution of trademarks under Tex. Bus. & Com. Code Ann. § 16.103 (Count 15), and such conduct has caused substantial and irreparable harm to Sprint, and will continue to cause substantial and irreparable harm to Sprint unless enjoined.

5. Sprint has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' conduct that far exceeds the $5,000 aggregate annual damages under the Computer Fraud and Abuse Act.

6. On review and consideration of all relevant factors, Sprint is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

7. The Court finds that Defendants unlawfully trafficked in at least 405 new Sprint Phones. For each new Sprint smartphone that Sprint sells its investment and expected revenue from the Phone averages $1,919. When a new Sprint Phone is unlawfully trafficked through Defendants' use of a co-conspirator or otherwise, Sprint loses its investment and does not receive the expected revenue, which reduces its profits and increases Sprint's costs. Sprint's damages resulting from Defendants' acquisition and resale of new Sprint Phones add up to at least: $1,919 x 405 new Sprint Phones = $777,195.00. In light of Defendants' willful violations of the Lanham Act and affirmative absence from this case, and because Defendants have caused damage significantly greater than that actually confirmed by Sprint's investigation, the Court will treble these damages to $2,331,585.00.

8. Sprint is also entitled to an award of its reasonable attorneys' fees and costs in the amount of $64,635.46.

9. Sprint is also entitled to an award of reasonable investigation fees in the amount of $7,395.00.

10. Final default judgment is hereby entered against Defendants Haris Jamal and Afraz Ali, jointly and severally, and in favor of Sprint, on all of the claims set forth in Sprint's Complaint in the principal amount of $2,403,615.46 which shall bear interest at the legal rate, for which let execution issue forthwith.

11. For all Sprint brands, now and in the future, including without limitation, Sprint, Sprint Prepaid, Virgin Mobile, Boost, PayLo, and Assurance Wireless, Defendants and all of their past and present agents, officers, directors, successors, assigns, parents, subsidiaries,

Civil Action No: 4:15-cv-00032

affiliates, related companies, predecessors-in-interest, companies, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for them or on their behalf, including, but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, and any and all persons and entities in active concert and participation with Defendants who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a.    acquiring, purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any Sprint Phones or Products (including services);

    b.    supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in the purchase or sale of Sprint Phones or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in Sprint Phones;

    c.    engaging in any of the conduct described in the Complaint as the "Bulk Handset Trafficking Scheme;"

    d.    accessing Sprint's computer networks either directly or through a Sprint representative, customer and/or a third-party;

    e.    contacting Sprint employees, agents or representatives with the intention of committing fraud or making any misrepresentations to such employees,

       agents or representatives for the purpose of obtaining Sprint Phones or Products (including services) without authority or authorization;

   f.    obtaining or being in possession of any Sprint Phones, Products (including services) or Sprint customer information of any type;

   g.    knowingly using the Sprint Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the future, or that is likely to cause confusion with Sprint's Marks, without Sprint's prior written authorization;

   h.    holding themselves out as being associated with, employed by or on behalf of, or acting as an agent, representative or authorized partner of Sprint; and,

   i.    supplying Sprint Products to or facilitating or in any way assisting, aiding or cooperating with other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, including without limitation, the buying and/or selling Sprint Phones or Products (including services).

   12.    Pursuant to the Lanham Act, Defendants shall deliver and turn over all Sprint Phones and Products in their possession, or subject to their custody or control, bearing or infringing any Sprint trademark or confusingly similar copy thereof, to Sprint within ten (10) days of the date of this Final Judgment.

13. The acquisition, sale or shipment of any new Sprint Phone without Sprint's prior written consent within and/or outside of the continental United States shall be deemed a presumptive violation of this injunction.

14. The address of Plaintiffs is 6200 Sprint Parkway, Overland Park, Kansas 66251.

15. The last known address of Defendant Haris Jamal is 28 Jane Lacy Dr., Apt. D, Endicott, New York 13760.

16. The last known address of Defendant Afraz Ali is 14231 FM 1464 Road, Apt. 13301, Sugar Land, Texas 77498.

17. Defendants waive any and all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waive their right of appeal from the entry of this Final Judgment.

18. The Court retains jurisdiction over this matter and the parties to this action to enforce any violation of the terms of this Final Judgment and Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiffs in an amount of $5,000 for each new Sprint Phone that Defendants are found to have acquired, purchased, sold and/or unlocked in violation of this Injunction. The Court finds that these amounts are compensatory and will serve to compensate Sprint for its losses in the event Defendants violate the terms of this Order.

19. The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

DONE AND ORDERED this ___ day of _____, 2016.

_____
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
All Counsel of Record and pro se parties